IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CESCILY BUCHANAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 3:25-cv-685-ECM |
| | ) | [WO] |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION and ORDER**

**I. INTRODUCTION**

Now pending before the Court is an appeal of a denial of disability benefits under the Social Security Act. Plaintiff Cescily Buchanan ("Buchanan") is a claimant who filed an application for disability insurance benefits on March 10, 2023, alleging that she has been disabled since June 6, 2022. (Doc. 21 at 3). After Buchanan's initial application for benefits was denied at the initial level and on reconsideration by the Commissioner of the Social Security Administration ("Commissioner"), (*id.*), she requested a hearing with an Administrative Law Judge ("ALJ"), (*id.*). After a hearing on October 22, 2024, an ALJ found that Buchanan was not disabled as defined in the Social Security Act, finding that "there are jobs that exist in significant numbers in the national economy that the claimant can perform." (Doc. 12 at 57). Buchanan filed a timely appeal with the Appeals Council, (*id.* at 1), who denied Buchanan's request for review on June 26, 2025, (*id.*).

Buchanan then filed a Complaint pursuant to 42 U.S.C. § 405(g), seeking judicial review of the denial of Social Security benefits. (Doc. 1). Both parties filed briefs regarding the Commissioner's decision, which the Court construed as cross-motions for summary judgment. (Docs. 18 (Buchanan's Brief), 19 (Government's Brief in Opposition), 21 at 1). On June 29, 2026, the Magistrate Judge entered a Report and Recommendation ("Recommendation"), reviewing the ALJ's findings to discern whether the ALJ's decision was supported by substantial evidence. (Doc. 21). Ultimately, the Magistrate Judge found that the ALJ's determinations were supported by substantial evidence and recommended that the Commissioner's decision be affirmed. (*Id.* at 19).

Buchanan timely filed objections to the Recommendation, (doc. 22), and the Commissioner filed a response to Buchanan's objections, (doc. 23). After carefully reviewing the record in this case, the Magistrate Judge's Recommendation, and the five Objections, the Court concludes that each of Buchanan's objections are to be overruled, the Recommendation is due to be adopted, and the Commissioner's decision is due to be affirmed.

## II. STANDARD OF REVIEW

### A. Review of Magistrate Judge's Recommendation

When a party objects to a Magistrate Judge's Recommendation, the district court must review the disputed portions *de novo*. 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 674 (1980). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge[,] . . . receive further evidence[,] or recommit the matter to the magistrate judge with

instructions." 28 U.S.C. § 636(b)(1). *De novo* review requires that the district court independently consider factual issues based on the record. *Jeffrey S. by Ernest S. v. State Bd. of Educ. of State of Ga.*, 896 F.2d 507, 513 (11th Cir. 1990). However, objections to the Magistrate Judge's Recommendation must be sufficiently specific to warrant *de novo* review. *See LoConte v. Dugger*, 847 F.2d 745, 750 (11th Cir. 1988) ("Whenever any party files a timely and specific objection to a finding of fact by a magistrate [judge], the district court has an obligation to conduct a *de novo* review of the record with respect to that factual issue."). Otherwise, a Recommendation is reviewed for clear error. *See Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).[1]

**B. Entitlement to Disability Benefits**

A person is entitled to disability benefits when the person is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 423(d)(3). The claimant bears the burden of proving that he or she is disabled and "is responsible for producing evidence sufficient to support his [or her] claim." *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

[1] Here, and elsewhere in this Opinion, the Court cites nonbinding authority. While the Court recognizes that these cases are nonprecedential, the Court finds them persuasive.

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a). The Commissioner must determine the following in sequence:

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[2] *See also Frame v. Comm'r of Soc. Sec.*, 596 F. App'x 908, 910 (11th Cir. 2015); 20 C.F.R. § 404.1520(a)(4)(i-v). At step four of the disability determination process, the ALJ considers whether a claimant's residual functional capacity ("RFC") meets the skill and task requirements of his or her past work. 20 C.F.R. § 404.1520(a)(4)(i-v). The evaluation of RFC determines the extent to which the claimant can perform basic work-related activities associated with previously-held jobs. *Id.* "Once the finding is made that a claimant cannot return to prior work[,] the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

[2] *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408 (5th Cir. Unit A July 1981).

This Court's review of the Commissioner's decision is a limited one. The Commissioner's decision is due to be affirmed if it "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997); *see also* 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). This Court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)). "Even if the evidence preponderates against the Secretary's factual findings, [the Court] must affirm if the decision reached is supported by substantial evidence." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted "even if this court . . . would have reached a contrary result." *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

"Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ." *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court must "scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] factual findings. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987) (citing *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987)). "No similar presumption of

validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in evaluating claims." *Id.* (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)).

## III. DISCUSSION

In her first objection, Buchanan contends that the Magistrate Judge erred by "conflat[ing] the ALJ's general authority to assess the RFC with the distinct prohibition against an ALJ substituting her own lay judgment for medical opinion."[3] (Doc. 22 at 3). In other words, Buchanan asserts that the ALJ "played doctor" when she "rejected" the state agency consultant's opinions to determine Buchanan's RFC. (*Id.* at 4). "[T]he task of determining a claimant's residual functional capacity and ability to work rests with the administrative law judge, not a doctor." *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945 (11th Cir. 2016) (per curiam) (citing 20 C.F.R. § 404.1546(c)). "When determining a claimant's residual functional capacity, an administrative law judge must consider all medical opinions in the record together with other pertinent evidence." *Walker v. Comm'r of Soc. Sec.*, 987 F.3d 1333, 1338 (11th Cir. 2021) (citing 20 C.F.R. § 404.1520(e)). Moreover, an ALJ may not defer or give any specific evidentiary weight to any medical

[3] The ALJ determined in her RFC finding that Buchanan "should never climb ladders, ropes, or scaffolds; she could occasionally climb ramps and stairs, balance, stoop, crouch, kneel, and crawl; she could frequently finger and handle; she could perform jobs that do not require working with dangerous moving machinery or working at unprotected heights; she could understand, remember, and carry out simple instructions; could have frequent interaction with the general public; and she could adapt to routine and infrequent workplace changes." (Doc. 12 at 51). Given these limitations, the ALJ found that other work existed which Claimant could perform, such as folding machine operator, garment sorter, and cleaner (housekeeping). (*Id.* at 57).

opinions or prior administrative medical findings. *Harner v. Comm'r of Soc. Sec.*, 38 F.4th 892, 898 (11th Cir. 2022)).

Still, an ALJ is prohibited from substituting his or her own uninformed medical evaluations for those of a treating physician. *Marbury v. Sullivan*, 957 F.2d 837, 840 (11th Cir. 1992). "[A]s a hearing officer [an ALJ] may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional. *Id.* at 840–41 (Johnson, J., concurring). However, there is no need for the ALJ to "use any magic words in discussing whether a medical opinion is supported by the evidence from the medical source himself and whether the opinion is consistent with other evidence of record." *Chester v. Kijakazi*, 2023 WL 7496884, at *11 (M.D. Ala. Nov. 13, 2023) (quoting *Thaxton v. Kijakazi*, 2022 WL 58125, at *8 (M.D. Ala. Mar. 30, 2022)). "Nothing requires the ALJ to discuss every piece of evidence so long as the decision does not broadly reject evidence in a way that prevents meaningful judicial review." *Id.* (quoting *Gogel v. Comm'r of Soc. Sec.*, 2021 WL 4261218, at *9 (M.D. Fla. Sept. 20, 2021)).

Upon *de novo* review, the Court finds, as the Magistrate Judge did, that the ALJ did not impermissibly assume the role of a medical expert. As the Recommendation explains, the ALJ relied on a record replete with evidence about Buchanan's mental and physical health, beyond the two state agency consultants' assessments. (*See* doc. 21 at 8–11). The ALJ relied on evidence in the record—including hearing testimony, Buchanan's disability function reports, and six of Buchanan's office treatment records—to find that Buchanan had moderate limitations "[i]n understanding, remembering or applying information." (Doc. 12 at 50 (citing doc. 12 at 274–281; 65–96; 309–316; 405–546; 557–578; 596–637)).

The ALJ also found that Buchanan had moderate limitations in "interacting with others." (*Id.*). Finally, the ALJ relied on the same evidence to find that claimant only had mild limitations with regard to "adapting or managing oneself." (*Id.*). Thus, even crediting Buchanan's contention that the ALJ "reject[ed] the only medical opinions of record addressing mental functioning," (doc. 22 at 4), the ALJ relied upon substantial evidence to make her determination.

Moreover, the ALJ did not "reject" the state agency consultants' assessments, as Buchanan claims. (*Id.*). The ALJ stated that while "there may be discrepancies between the consultant's specific opinions and markings and the limitations reflected in the claimant's residual functional capacity[,] [t]hese discrepancies are based, inter alia, on my independent review of the medical record[.]" (Doc. 12 at 55). For example, the ALJ found that on balance, the state agency consultants' assessments were consistent with her review of medical record as it relates to Buchanan's "ability to concentrate, persist, or maintain pace and in her ability to adapt and manage herself." (*Id.* (citing doc. 12 at 405–546; 557–578; 596–637) (six of Buchanan's medical records))). Indeed, the ALJ went further than the state agency consultants' assessments in her finding "that the claimant's anxiety and depression . . . cause moderate, instead of none to mild, limitations in her ability to understand, remember and apply information and in her ability to interact with others." (*Id.*). Thus, the ALJ ultimately found the state agency consultants' mental assessments only "somewhat persuasive." (*Id.*); *see Harner*, 38 F.4th at 897 ("[A]n administrative law judge must 'not defer or give any specific evidentiary weight, including controlling weight,

to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources.'") (quoting 20 C.F.R. § 404.1520c(a))).

In sum, the ALJ did not "play doctor," but rather "articulate[d] factual support for . . . [her] conclusion," *Kahle v. Comm'r of Soc. Sec.*, 845 F. Supp. 2d 1262, 1272 (M.D. Fla. 2012). "An ALJ does not impermissibly assume the role of a doctor by viewing the record evidence as a whole and making an RFC determination." *Freeman v. O'Malley*, 2024 WL 776615, at *4 (M.D. Ala. Feb. 26, 2024) (citing *Castle v. Colvin*, 557 F. App'x 849, 853 (11th Cir. 2014) (per curiam)). Therefore, this objection is due to be overruled.

In her second objection, Buchanan contends that the Magistrate Judge erred in "treat[ing] evidence supporting the moderate Paragraph B findings as though it also explains the translation of those findings into specific RFC restrictions, thereby excusing the ALJ's failure to build an accurate and logical bridge."[4] (Doc. 22 at 7). Although the Recommendation addresses at length the evidentiary support relied upon by the ALJ in determining the moderate RFC restrictions, (*see* doc. 21 at 11–18), Buchanan maintains that the ALJ never adequately articulated how and why she translated Buchanan's moderate limitations into the specific RFC restrictions, (doc. 22 at 7).

"While the ALJ will consider evidence and opinions from physicians and state agency medical and psychological consultants, the RFC finding is reserved for the ALJ

[4] "In evaluating the severity of a claimant's mental impairment at steps two and three of the sequential analysis, the ALJ makes determinations as to the claimant's abilities in four broad functional areas known as 'Paragraph B criteria.'" *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1324 (11th Cir. 2019) (per curiam). The ALJ concluded that Buchanan had "moderate"—as opposed to "none to mild"—limitations in two of the Paragraph B criteria: (1) the claimant's ability to understand, remember, or apply information; and (2) the claimant's ability to interact with others. (Doc. 12 at 50).

alone." *Driggers v. Astrue*, 2012 WL 4478963, at *3 (N.D. Ala. Sept. 20, 2012). "Because a moderate limitation is, by definition, not a serious one, it may not limit an individual's ability to perform work-related functions. If that is the case, the ALJ need only explain as much at step four." *Corrigan v. Comm'r of Soc. Sec.*, 2025 WL 2942986, at *4 (M.D. Fla. Aug. 15, 2025) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1181 (11th Cir. 2011)); *see also Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015). Otherwise, the ALJ must account for the moderate mental-function limitation when formulating the RFC, which "can be done by limiting the claimant to simple, routine, unskilled work when there is medical evidence indicating that the claimant can perform such work despite the moderate mental-function limitation." *Corrigan*, 2025 WL 2942986, at *4 (citing *Winschel*, 631 F.3d at 1180).

Upon *de novo* review, the Court finds, as the Magistrate Judge did, that the ALJ adequately accounted for her findings of moderate limitation in two Paragraph B criteria when formulating the RFC. An ALJ need not articulate how each finding in an RFC—such as a claimant's ability to climb ladders and stairs, stoop, crouch, kneel, operate heavy machinery, interact with the public, and carry out instructions—was derived from the ALJ's Paragraph B findings. *See Stokes v. Colvin*, 2016 WL 311295, at *7 (S.D. Ala. Jan. 26, 2016) ("[T]he Eleventh Circuit has repeatedly rejected . . . claims that an ALJ's failure to perform an explicit function-by-function assessment . . . is an error of law mandating reversal, so long as the ALJ's decision sufficiently indicates that he or she considered all relevant evidence in arriving at an RFC determination."). Rather, the ALJ may account for moderate Paragraph B findings in an RFC by limiting the claimant to work which is not

affected by the claimant's limitations. *See Winschel*, 631 F.3d at 1181. In concluding her RFC determination, the ALJ found that "[t]he record demonstrates the claimant has some limitations; however, the above finding provides sufficient accommodations to not aggravate those symptoms and to allow the claimant to engage in work activity on a sustained basis." (Doc. 12 at 56). Thus, the Court finds that the ALJ accounted for the moderate limitations when formulating the RFC by drawing a direct line between her factual findings and her RFC evaluation. Consequently, this objection is due to be overruled.

Buchanan's third objection is essentially a composite of her first two objections. Buchanan contends that the Recommendation "erroneously treats the state agency findings as evidentiary support for the specific mental RFC restrictions when those findings, once the ALJ properly departed from them, left the record with no medical benchmark for determining whether the RFC is sufficiently restrictive." (Doc. 22 at 10). Buchanan divides this objection into two steps: (1) the ALJ improperly evaluated the medical consultants' administrative findings; and (2) those findings do not provide evidence supporting the RFC. (*Id.*). To the first point, Buchanan cites *Marbury* and reiterates the prohibition against playing doctor. (*Id.* at 12). To the second point, Buchanan critiques the ALJ for failing to build an "accurate and logical bridge" from the evidence to her conclusions. (*Id.* at 13). The Court finds that these objections have been reviewed *de novo* in response to

Buchanan's first and second objections above.[5] Consequently, this objection is due to be overruled.

In her fourth objection, Buchanan contends that the Recommendation "fails entirely to address of one of Buchanan's arguments: that the ALJ's finding of moderate limitations in interacting with others required the ALJ to consider and explain the absence of any restriction on coworker and supervisor interaction. (Doc. 22 at 15). However, the Court finds that the Recommendation *does* address this argument, at considerable length. (*See* doc. 21 at 12–14 (analyzing why the ALJ's determination that Buchanan "could have frequent interaction with the public" is not inconsistent with the moderate limitation on "interacting with others")). To the extent that Buchanan seeks *de novo* review of her argument concerning the ALJ's lack of restrictions on coworker and supervisor interaction, the Court addresses it below.

According to Buchanan, the ALJ's finding that Buchanan has moderate limitations in interacting with others cannot logically lead to the ALJ's finding that Buchanan may work in spaces with unlimited, unrestricted coworker interaction. (Doc. 18 at 17). "Regarding interacting with others, the Eleventh Circuit considers a claimant's relations

[5] Buchanan argues that "[t]he lay translation [of medical evidence] and the missing explanation compound one another." (Doc. 22 at 13). To the extent that Buchanan contends that the sum of this objection is greater than its parts, the Court is not convinced. This Court must find the Commissioner's decision conclusive if it "is supported by substantial evidence and based upon proper legal standards." *Lewis*, 125 F.3d at 1439. The ALJ properly considered the voluminous medical evidence in this case, and she explained how this evidence translated to specific RFC findings. (Doc. 12 at 51–56). The ALJ's process properly followed the sequential analysis created by the Social Security Act. *See* 20 C.F.R. § 404.1520 (five-step process to determine a claimant's disability). And as stated above, the ALJ's findings at each step objected to by Buchanan were supported by substantial evidence. *See id.* (five-step process to determine a claimant's disability).

with the public and family members as relevant evidence of a moderate limitation." *Barber v. Comm'r of Soc. Sec.*, 2024 WL 1201850, at *18 (N.D. Ala. Mar. 19, 2024) (citing *Tisdale v. Comm'r of Soc. Sec.*, 806 F. App'x 704, 709 (11th Cir. 2020) (per curiam)). The Recommendation relied extensively on *Andino v. Saul*, in which the court upheld an RFC which included frequent interaction with the public even though the ALJ had determined that the plaintiff had a moderate limitation in interacting with others. 2020 WL 8812847, at *17–18 (S.D. Fla. Nov. 20, 2020). In that case, the court found that "[w]hile the ALJ determined that Plaintiff had 'no more than moderate limitations' in [the area of public interactions], she also found that Plaintiff was able to interact well with others." *Id.* at *17. Indeed, "[t]he only reason the ALJ found plaintiff to have a moderate limitation in this domain is because Plaintiff was regularly depressed and anxious on her exams with her mental healthcare providers." *Id.* at 18. Thus, the finding of certain mental limitations and the conclusion that the plaintiff could interact well with others were not inconsistent.

Upon *de novo* review, the Court finds, as the Magistrate Judge did, that the absence of any restriction on coworker and supervisor interaction was explained by the ALJ and supported by substantial evidence. The ALJ stated that Buchanan "had a good rapport with providers," was "pleasant and cooperative," and was able to spend time with family and function in society. (Doc. 12 at 50). As in *Andino*, the ALJ in this case described Buchanan's "anxiety and depression" in the context of her "mild to moderate limitations in terms of her continued ability . . . to understand, remember, or apply information . . . [and] to interact with others." (*Id.* at 55). The ALJ noted that Buchanan's "medical records routinely show overall normal physical and mental examination of the claimant, no

continuing limitations being placed on the claimant by treating providers, and there was no continuous evidence of marked or extreme symptoms that would interfere with her ability to work within the above stated residual functional capacity at a full time basis." (*Id.*). The ALJ discussed both the moderate impacts of Buchanan's anxiety and depression, and Buchanan's normal ability to interact with the public. (*Id.*). Thus, the absence of any restriction on coworker and supervisor interaction is not inconsistent with the moderate limitation, and this objection is due to be overruled.

In her fifth objection, Buchanan contends that the Magistrate Judge erred by concluding that the ALJ was not required to obtain a consultative examination[6] after the ALJ "reject[ed] . . . every mental opinion of record." (Doc. 22 at 19). "There is no requirement 'to order a consultative examination as long as the record contains sufficient evidence' to support 'an informed decision.'" *Ferrell v. Comm'r of Soc. Sec.*, 2026 WL 308862, at *2 (11th Cir. Feb. 5, 2026) (per curiam) (quoting *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1269 (11th Cir. 2007)).

Upon *de novo* review, the Court finds, as the Magistrate Judge did, that the ALJ was not obligated to seek a consultative examination because the record contained sufficient evidence for an informed decision. Buchanan contends that the ALJ rejected medical opinions and "formulated her own mental function limitations out of whole cloth," (doc.

---

[6] A consultative examination is an additional physical or mental examination requested by an ALJ when appropriate. 20 C.F.R. § 404.1519 (2026). "If the claimant does not provide adequate evidence about their impairment(s) for the [ALJ] to determine whether the claimant is disabled or blind, and the ALJ or the hearing office . . . staff is unable to obtain adequate evidence from the claimant's medical source(s), the ALJ may request a [Consultative Examination] through the Disability Determination Services . . . ." Soc. Sec. Admin., Hearings, Appeals, & Litigation Law Manual § I-2-5-20 (2024).

18 at 14), but this contention is contradicted by the record. In determining Buchanan's mental limitations, the ALJ cited medical treatment records from at least seven separate treating physicians, as well as hearing testimony.[7] (*See* doc. 12 at 55 (citing Exhibits 3F, 6F, 7F, 10F, 11F, 14F, 15F, and hearing testimony)). Therefore, this objection is due to be overruled. Because substantial evidence supports the RFC determination, the ALJ's decision is due to be affirmed.

## IV. CONCLUSION

The Court has carefully and independently reviewed the record and concludes that substantial evidence supports the ALJ's conclusion that Buchanan is not disabled, and the decision of the Commissioner is due to be affirmed. Accordingly, and for good cause, it is

ORDERED as follows:

1. Buchanan's objections (doc. 22) are OVERRULED;

2. The Recommendation of the Magistrate Judge (doc. 21) is ADOPTED;

---

[7] Moreover, the ALJ did not "reject" expert testimony, as Buchanan contends in this objection. (Doc. 22 at 19). The ALJ expressly credited Dr. Deichmann's expert opinion, going a step further to conclude—upon review of record evidence—that Buchanan was even more limited than Dr. Deichmann had opined. (Doc. 12 at 56 ("While [Dr. Deichmann's] findings have been useful in determining the full scope of [Buchanan's] impairments, and overall, her examination was consistent with the record as a whole . . . the undersigned found that the same evidence supports that the claimant was more limited than opined by Dr. Deichman and that the assessment was vague, as she failed to provide a function by function analysis of what the claimant was capable and/or incapable of doing . . . [thus,] her opinion was found only somewhat persuasive.")). Buchanan states in this objection that "[t]he prejudice is clear: the unexplained and unsupported mental restrictions were incorporated into the hypothetical on which the step five denial rests." (Doc. 22 at 20). Here, Buchanan is hoisted by her own petard: by contending that the ALJ's *more limited* finding was not supported by substantial evidence, she argues in effect that a less limited finding would have been proper. But a finding of fewer mental impairments would only make Buchanan less likely to receive Social Security benefits. *See Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021 ("An individual seeking disability insurance benefits must prove that she is disabled . . . If the ALJ determines that the claimant is not disabled at any step of the evaluation process, the inquiry ends." (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). The Court finds little prejudice to Buchanan's disability benefits claim where the ALJ found Buchanan—upon review of record evidence—more mentally disabled than a medical expert opined.

3. Buchanan's construed motion for summary judgment (doc. 18) is DENIED;

4. The Commissioner's construed motion for summary judgment (doc. 19) is GRANTED;

5. The Commissioner's decision is AFFIRMED, and this case is DISMISSED with prejudice.

A separate final judgment will be entered.

DONE this 21st day of September, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE